Edward **ROSENBERG**, Individually and t/a Insurance Underwriters Exchange

v.

**ANDREW WEIR INSURANCE COMPANY, Ltd.**

and

**Prudential Assurance Company, Ltd. of London.**

Civ. No. 8764.

United States District Court D. Maryland, Civil Division.

Sept. 6, 1957.

Joseph W. Spector and Robert G. Lembach, Baltimore, Md., for plaintiff.

Seymour O'Brien and Harrison L. Winter, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Plaintiff brought this action against four defendants, Excess Underwriters, Inc., a New York insurance agent and broker, Melling & Bevingtons, Ltd., a Canadian insurance agent and broker, and Andrew Weir Insurance Company, Ltd., and Prudential Assurance Company, Ltd., two British insurance companies, to recover a balance alleged to be due plaintiff for services rendered and expenses incurred in investigating and settling claims against the two insurance companies under policies issued by them to taxicab companies in Baltimore, Md., and Pittsburgh, Pa.

At the time the complaint was filed, plaintiff obtained an order permitting service of process "in accordance with the provisions of Article 23, Section 88(d) and Article 23, Section 92(d) of the Code of Public General Laws of Maryland"[1] with the provision that

---

1. Art. 23, sec. 88 provides: "(Suits Against Foreign Corporations.) (a) Every foreign corporation doing intrastate or interstate or foreign business in this State shall be subject to suit in this State by a resident of this State or a person who has a usual place of business in this State, (1) on any cause of action arising out of such business, and (2) on any cause of action arising outside of this State. * * * (d) Every foreign corporation shall be subject to suit in this State by a resident of this State or by a person having a usual place of business in this State on any cause of action arising out of a contract made within this State or liability incurred for acts done within this State, whether or not such foreign corporation is doing or has done business in this State."

Sec. 92(d) provides: "(Service of Process.) * * * (d) If any corporation of this State, or any foreign corporation required by any statute of this State to have a resident agent, or any foreign corporation subject to suit in this

nothing in the order should "be construed to pass upon the validity vel non of the service". Such service was made on all the defendants.

Thereafter, plaintiff dismissed the complaint as against Excess Underwriters, Inc., and I dismissed the action as against Melling & Bevingtons, Ltd., on its motion, for lack of jurisdiction over said defendant.

The remaining defendants, the two insurance companies, have moved "* * 2. To dismiss the action or in lieu thereof to quash the return of service of summons on the grounds (a) that said defendants are corporations organized under the laws of England, that said corporations do not do intrastate or interstate or foreign business in the State of Maryland and that said defendants are not sued on a contract made within the State of Maryland or liability incurred for acts done within the State of Maryland, and were not and are not subject to service of process within the District of Maryland; and (b) that said defendants have not been properly served with process in this action." Both sides have filed affidavits and exhibits and the point has been fully briefed and argued.

The two insurance companies are corporations organized and existing under the laws of the United Kingdom, having their principal offices in London. Neither has registered or qualified to do interstate, intrastate or foreign business with the State Tax Commission of Maryland or the Insurance Department of this State. Neither company has appointed a resident agent in Maryland, nor appointed the State Tax Commission its agent for accepting service of process in any suit, nor appointed the Insurance Commissioner its agent for accepting service of process except in ac-

tions instituted by or on behalf of the insured or any beneficiary under the several policies. Neither company maintains any office, employs any employee, owns any property, maintains any bank account, or is listed in any telephone directory in Maryland, and neither company solicits any business in Maryland.

Plaintiff, who was the insurance broker for several Baltimore and Pittsburgh taxicab companies, wrote to Excess in New York in an effort to find a company or companies willing to accept those risks on reasonable terms. Excess wrote to a Montreal broker, Melling & Bevingtons, Ltd., which in turn took the matter up with a London broker, Bevington, Vaizey & Foster, Ltd. The last-named broker arranged for the issuance in London of the several insurance policies, and sent them back through the chain to plaintiff, the broker for the insured.

The contract under which plaintiff rendered claims services—the contract on which the instant suit is based —must be pieced together from a jumble of letters so confusing that plaintiff did not know, when he filed his suit, with whom he had his contract. It now appears, from the affidavits and exhibits, that plaintiff's contract was with the defendant insurance companies, to render claims service for them; that Excess was plaintiff's agent to forward his offer to the insurance companies' Montreal agent, which transmitted it to the insurance companies through their London agent; that the insurance companies accepted that offer in London, separately, and in different ways; and that such acceptance was transmitted by mail from their London agent to their Montreal agent, by mail from their Montreal agent to plaintiff's New York agent, Excess, and by mail from Excess to plaintiff.

State under Section 88 of this Article, (1) has not a resident agent, or (2) has one or more resident agents and unsuccessful attempts have been made on different business days to serve process either twice upon one resident agent or once upon each of two resident agents, such corporation shall be conclu-

sively presumed to have designated the Commission as its true and lawful attorney authorized to accept on its behalf service of process in the action in which such process issued, and in such case such process may be served upon the Commission as the true and lawful attorney of such corporation."

The offer, therefore, was accepted and the contract made in London or in Montreal. Park Beverage Co. v. Goebel Brewing Co., 197 Md. 369, 79 A.2d 157; Cole v. Randall Park Holding Co., 201 Md. 616, 95 A.2d 273, 41 A.L.R.2d 1084; Compania De Astral, S. A. v. Boston Metals Co., 205 Md. 237, 107 A.2d 357, 108 A.2d 372; Ericksson v. Cartan Travel Bureau, D.Md., 109 F.Supp. 315. Even if Excess should be treated as the agent of the insurance companies and not as the agent of plaintiff, the contract would then have been made in New York, where Excess mailed to plaintiff the notice of the acceptance of his offer. It is certain that the contract was not made in Maryland, and, therefore, this is not a "cause of action arising out of a contract made within this State", covered by sec. 88(d), set out in note 1, above.

■ Nor is the suit based on a "liability incurred for acts done within this State", within the meaning of sec. 88 (d). It is probable, as Judge Murray indicated in Strong v. Patapsco & Back Rivers R. R. Co., Cir.Ct. Baltimore County, May 10, 1950, Daily Record, August 14, 1950, that the words last quoted were intended to apply only to torts committed in the state by a corporation which thereafter withdrew from the state. Contractual obligations were provided for by other language in 88(d), as well as by 88(a) and other sections. But in any event the phrase "acts done within this State", as it is used in 88(d), refers to acts done by the defendant and not to acts done by the plaintiff. To construe the language otherwise would extend the applicability of 88(d) quite unreasonably and would raise grave constitutional questions. See Compania De Astral S. A. v. Boston Metals Co., 205 Md. 237, 107 A.2d 357, 108 A.2d 372; Reiblich, Jurisdiction of Maryland Courts Over Foreign Corporations Under The Act of 1937, 3 Md.Law Review 35, 67–72. Service under 88(d) cannot be justified in this case.

Plaintiff argues that service may be justified under 88(a), on the ground that the insurance companies were doing business in Maryland, although he made no such contention in his "petition for service". This argument raises questions both of statutory construction and of constitutional law, although the questions overlap. The Maryland law and the general law on what constitutes "doing business" were reviewed by Judge Chesnut in Johns v. Bay State Abrasive Products Co., D.C.D.Md., 89 F.Supp. 654, and by the Court of Appeals of Maryland in the recent cases of Compania De Astral, S. A. v. Boston Metals Co., 205 Md. 237, 107 A.2d 357, 108 A.2d 372, and Thomas v. Hudson Sales Corp., 204 Md. 450, 105 A.2d 225.

■ The Unauthorized Insurers Process Act, Md.Code, Art. 48A, sec. 336 et seq., should be noted. Sec. 337(a) provides:

"(Service of Process Upon Unauthorized Insurer.) (a) Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer: (1) the issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein, (2) the solicitation of applications for such contracts, (3) the collection of premiums, membership fees, assessments or other considerations for such contracts, or (4) any other transaction of insurance business, is equivalent to, and shall constitute an appointment by such insurer of the Insurance Commissioner and his successor or successors in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer."

It will be observed that the activities listed in sec. 337(a) are referred to as the "transaction of insurance business", not as "doing business" within the State. "Transacting business" has a broader meaning than "doing business". Johns v. Bay State Abrasive Products Co., D.C.D.Md., 89 F.Supp. 654, at page 660. No doubt the acts done by defendant insurance companies would amount to such "transaction of insurance business", within the meaning of Art. 48A, sec. 337(a), as would subject them to substituted service in Maryland in any action instituted by or on behalf of an insured or beneficiary arising out of any of the policies which they issued to Maryland taxicab companies. But those acts do not necessarily constitute "doing business" in Maryland within the meaning of Art. 23, sec. 88(a), to subject the companies to suit in Maryland, not by an insured, beneficiary, or injured person on an insurance policy, but by a claims agent on a contract for claims services. The same arguments for sustaining jurisdiction do not apply, certainly not with the same force. The "relative inconvenience" argument, which was so persuasive in favor of sustaining jurisdiction in Johns v. Bay State Abrasive Products Co., D.C.D.Md., 89 F. Supp. 654, and in Schutt v. Commercial Travelers Mutual Accident Ass'n, 2 Cir., 229 F.2d 158, and similar cases, does not help the plaintiff in the instant case. If, as seems likely, the case will be tried entirely on documentary evidence, there is no balance of convenience between Baltimore and London. If oral testimony must be taken, a review of all the affidavits and exhibits indicates that most of the witnesses would be residents of England. I conclude: (1) that the defendant insurance companies were not doing business in Maryland within the meaning of Art. 23, sec. 88(a), and (2) that to require them to defend this action in this court would violate "our traditional conception of fair play". International Shoe Co. v. State of Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95.

The motion to dismiss filed by the defendant insurance companies should be and is hereby granted.